[Cite as *Lorain Cty. Sheriff's Office v. Ayers*, 2023-Ohio-1180.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

LORAIN COUNTY SHERIFF'S OFFICE

    Respondent

    v.

JAMES L. AYERS

    Relator

C.A. No. 22CA011925

ORIGINAL ACTION IN MANDAMUS

Dated: April 10, 2023

---

PER CURIAM.

{¶1}    Relator, James L. Ayers, has petitioned this Court for a writ of mandamus to "command the lower Avon Lake Municipal Court to permit [him] to pay the $10 filing fee for 'his' pro se motion to dismiss the traffic ticket, supra., which he received in Lorain County." Avon Lake Municipal Court was not named as a respondent on the complaint, however. The only respondent named on the complaint, the Lorain County Sheriff's Office, has moved to dismiss. For the following reasons, this Court grants the motion to dismiss.

{¶2}    In its motion to dismiss, the Lorain County Sheriff's Office argued that the complaint failed to comply with R.C. 2731.04. Specifically, the Sheriff's Office argued that the complaint was not brought in the name of the state on the relation of the person

applying, as required by the statute. According to the proof of service on the motion, the Sheriff's Office served the motion at the address Mr. Ayers listed in his complaint. Mr. Ayers did not respond to the motion to dismiss.

{¶3} R.C. 2731.04 requires that a writ of mandamus must be brought "in the name of the state on the relation of the person applying." When an objection to the form of the caption is raised in a motion to dismiss, as it was here, if relator moves to amend the complaint, the court should grant the motion to allow the matter to be resolved on the merits. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 35. If a respondent moves to dismiss on this basis, and relator does not move to amend the "complaint to comply with R.C. 2731.04, the mandamus action must be dismissed." *Id.* at ¶ 36.

{¶4} In this case, Mr. Ayers' complaint does not comply with R.C. 2731.04. The Lorain County Sheriff's Office raised this defect in its motion to dismiss. Mr. Ayers could have moved to amend his complaint, but he did not respond to the motion. Pursuant to *Blankenship*, this action must be dismissed.

{¶5} Because the mandamus complaint is deficient, the motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Ayers.

{¶6} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

SUTTON, J.
LANZINGER, J.
CONCUR.


APPEARANCES:

JAMES L. AYERS, Pro se, Relator.

J.D. TOMLINSON, Prosecuting Attorney, and JACOB W. PULLAR, Assistant Prosecuting Attorney, for Respondent.